UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| DEREK T. WILSON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 03-2313 (RMU) |
| | : | | |
| v. | : | Document No.: | 61 |
| | : | | |
| PRUDENTIAL FINANCIAL *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANT CARCO'S MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

The plaintiff, Derek T. Wilson, allegedly lost his offer for at-will employment with Prudential Financial ("Prudential") due to a problematic background check. He brings suit against the company that processed his background check, Carco Group, Inc. ("Carco"), alleging negligence (Count 1) and defamation (Count 2). In an October 18, 2004 Memorandum Opinion, the court granted Carco's motion to dismiss Count 2 of the plaintiff's complaint.

The case is now before the court on Carco's motion for summary judgment as to the remaining negligence count. Because this case concerns matters outside of the "realm of common knowledge and everyday experience," *District of Columbia v. White*, 442 A.2d 159, 164 (D.C. 1982), the plaintiff must present expert testimony for the fact finder in establishing a *prima facie* case of negligence. And because the plaintiff has failed to secure expert testimony through discovery, the plaintiff will be unable as a matter of law to prove negligence. Accordingly, the court grants Carco's motion for summary judgment.

## II.   BACKGROUND

### A.   Factual History

The court discussed the facts of this case in *Wilson v. Prudential Fin.*, 2004 WL 1898290 (D.D.C. Aug. 13, 2004), and, therefore, limits the background information in this opinion to that necessary to resolve the instant motion.  Specifically, the plaintiff alleges the following facts: in 2002, Prudential offered the plaintiff a position for at-will employment, and the plaintiff accepted the offer.  Compl. ¶¶ 2 and 4.  On August 1, 2002, Prudential sent the plaintiff a letter "confirming his acceptance of [Prudential's] offer" and indicating that the offer was contingent on the satisfactory completion of a background-verification process that Prudential expected to take ten days.  *Id.* ¶¶ 5-6, 25.

Carco is a "consumer reporting agency," as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*  Carco's Mot. for Summary Judgment ("Def.'s Mot.") at 3; Pl.'s Opp'n at 2.  Prudential retained Carco to complete its background-verification process, and on September 3, 2002, Carco provided Prudential with an investigative consumer report.  Compl. ¶¶ 13-14; Def.'s Mot. at 4 (describing Carco's report as a "background verification report").

Carco's report contained a section on criminal history, and Carco entered the word "pending" in the box correlating to the status of the plaintiff's supposed criminal history in Oklahoma.  Compl. ¶ 14.  On the same day that Prudential received Carco's report, Prudential sent the plaintiff a copy of the report and a letter denying the plaintiff's application for employment.  *Id.* ¶ 9.  Prudential cited an incomplete, unsatisfactory, and untimely background verification as the reason for its denial of the plaintiff's employment.  *Id.* ¶¶ 9-11, 16.

The plaintiff subsequently contacted Oklahoma authorities, who informed the plaintiff that there were no criminal charges pending against him. *Id.* ¶ 19. The plaintiff also ordered a background check from the Oklahoma State Bureau of Investigation. *Id.* He learned that although there are persons named "Derek Wilson" and "Derrick Wilson" against whom charges are pending, neither shares the plaintiff's social security number or date of birth. *Id.* ¶ 20.

On September 5, 2002, the plaintiff informed Carco that his personal history was clear of criminal charges and asked Carco to send an amended report to Prudential. *Id.* ¶ 21. On September 6, 2002, Carco sent Prudential an amended report indicating that the plaintiff had no criminal charges "pending" against him. *Id.* ¶ 22. On September 25, 2002, Prudential sent the plaintiff a third letter stating that Prudential was aware that the plaintiff's background was clear and that Prudential would contact the plaintiff "when a suitable position became available." *Wilson*, 2004 WL 1898290, at *2. Prudential never hired the plaintiff.

### B.   Procedural History

In the fall of 2002, the plaintiff brought suit in the Superior Court of the District of Columbia, claiming breach of contract by Prudential and negligence and defamation by Carco. *Wilson v. Prudential Fin.*, 218 F.R.D. 1, 2 (D.D.C. 2003). Prudential thereafter removed the action to this court on the basis of diversity. On January 6, 2003, Carco filed a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. On February 26, 2003, the plaintiff moved the court to extend time through March 26, 2003 to file his responses to the defendants' motions. The court denied the plaintiff's motion to extend time, however, and granted, as conceded, the defendants' motions to dismiss (the court dismissed the plaintiff's complaint without prejudice). *Id.* at 4.

In November 2003, the plaintiff once again brought suit against Prudential and Carco. *Wilson,* 2004 WL 1898290, at *1. The plaintiff reasserted his claims of breach of contract against Prudential and his claims of negligence and defamation against Carco. *Id.* The court granted Prudential's motion to dismiss but denied Carco's motion to dismiss for insufficiency of service of process and directed the plaintiff to perfect service. *Id.* at *7.

In August 2004, after the plaintiff perfected service, Carco moved to dismiss for failure to state a claim or, in the alternative, for summary judgment. *See generally* Def.'s Mot. On October 18, 2004, the court granted Carco's motion as to the plaintiff's defamation claim under the FCRA. The court, however, denied Carco's motion as to the plaintiff's claim that Carco was negligent in failing to deliver an accurate background-verification report to Prudential in a timely manner.

The plaintiff's negligence claim, the sole remaining claim in this case, is the subject of the instant motion. Now fully briefed, the court turns to Carco's motion for summary judgment.

### III.   ANALYSIS

#### A.   Legal Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.  *Id.*

In addition, the nonmoving party may not rely solely on allegations or conclusory statements.  *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor.  *Greene*, 164 F.3d at 675.  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

**B.    The Court Grants the Defendant's Motion**

The plaintiff claims that Carco failed to deliver an accurate background-verification report to Prudential in a timely manner.  Compl. ¶ 24.  The defendant argues that for the plaintiff to prove his negligence claim, he must proffer expert testimony regarding the standard of care

required for a consumer reporting agency under the FCRA and testimony regarding how the defendant breached that standard of care. Def.'s Mot. at 11. The defendant contends that absent such expert testimony, the plaintiff is unable as a matter of law to demonstrate his prima facie case. *Id.* The court agrees.

In the plaintiff's current negligence claim, the plaintiff alleges that "Carco owed a duty to Mr. Wilson to report to Prudential, in a reasonable time, Mr. Wilson's accurate background verification report." Compl. ¶ 24. Section 1681h(e) limits negligence actions against consumer reporting agencies to those provided in § 1681n (providing for civil liability for *willful* noncompliance) and § 1681o (providing for civil liability for *negligent* noncompliance). 15 U.S.C. § 1681h(e). Section 1681o, in turn, indicates that damages for negligence may only be recovered against a consumer reporting agency if the negligence arises from a breach of the requirements set forth in the FCRA. 15 U.S.C. § 1681o. In essence, with only a few exceptions, the only duties that may be actionable against Carco are those enumerated in the FCRA.

For the plaintiff to demonstrate that Carco acted negligently, the plaintiff must demonstrate to a jury that Carco owed a certain duty to Wilson under the FCRA, and must demonstrate that the defendant failed to meet that duty. Compl. ¶ 24. A jury must assess Carco's actions utilizing a set standard of care, and for the plaintiff to prevail, the jury must conclude that Carco was negligent in failing to follow reasonable procedures. 15 U.S.C. § 1681e(b) (stating that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates").

"In the District of Columbia, as elsewhere, '[t]o establish negligence a plaintiff must prove a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach.'" *Novak v. Capital Mgmt. and Dev. Corp.*, 452 F.3d 902, 907 (D.C. Cir. 2006) (quoting *District of Columbia v. Beretta USA, Corp.*, 847 A.2d 1127, 1135 n.2 (D.C. 2004)).  When an allegedly negligent act falls "within the realm of common knowledge and everyday experience," expert testimony regarding the appropriate standard of care is not necessary.  *District of Columbia v. White*, 442 A.2d 159, 164 (D.C. 1982).  On the other hand, the plaintiff has a burden to present expert testimony at a trial to establish the standard of care when the ultimate issue involves a subject that is "distinctly related to some science, profession or occupation [so] as to be beyond the ken of the average person."  *District of Columbia v. Peters*, 527 A.2d 1269, 1273 (D.C. 1987) (citations omitted); *Hill v. Metro. African Methodist Episcopal Church*, 779 A.2d 906, 910 (D.C. 2001).

Under the law of the District of Columbia,[1] when expert testimony is required,

> the expert must clearly articulate and [refer to] a standard of care by which the defendant's actions can be measured . . . Thus the expert must clearly relate the standard of care to the practices in fact generally followed by [similarly situated

---

[1] The defendant contends without legal citation that because this case "involves a federal question which is being heard in a federal court," the court is not bound to the law expounded by the District of Columbia courts.  Pl.'s Opp'n at 13.  While the plaintiff would be correct with regard to the application of federal law, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), the federal courts in the District of Columbia apply the local negligence law.  *Nat'l Tel. Coop. Assoc. v. Exxon Mobil Corp.*, 244 F.3d 153, 154-55 (D.C. Cir. 2001).  In any event, the plaintiff does not suggest that an approach different from that taken by the D.C. courts would be appropriate in this case.  Indeed, the purpose of requiring expert testimony to assist a jury in comprehending matters outside the realm of common knowledge, *Hughes v. District of Columbia*, 425 A.2d 1299, 1303 (D.C. 1981), would no doubt apply with equal force to a jury constituted in a federal court as to one constituted in a state or municipal court.

parties] or to some standard nationally recognized by such [parties].

*Nat'l Tel. Coop. Assoc. v. Exxon Mobil Corp.*, 244 F.3d 153, 154-55 (D.C. Cir. 2001) (citations omitted).

Whether an expert is required in a plaintiff's case is a critical issue.  On this point, the District of Columbia Court of Appeals notes that "over the last decade or so . . . the requirement [of expert testimony] has been applied more broadly to a variety of situations . . . the substantially smaller number of cases falling within the common knowledge exception." *Hill*, 779 A.2d at 908 n.1 (quoting *District of Columbia v. Hampton*, 666 A.2d 30, 35-36 (D.C. 1995)). Furthermore, the District of Columbia Court of Appeals has required plaintiffs to present expert testimony regarding standards of care for relatively common situations. *E.g., District of Columbia v. Freeman*, 477 A.2d 713, 719 (D.C. 1984) (requiring expert testimony for safety standards of an traffic intersection); *Hill*, 779 A.2d at 910 (requiring expert testimony regarding methods of crowd control in a church); *See Marshall v. D.C. Caribbean Carnival, Inc.*, 2004 WL 3257066 at *3 (D.D.C. October 26, 2004) (identifying additional courts in the District of Columbia requiring expert testimony for relatively common situations).

The defendant argues that the court should dismiss the plaintiff's case because the plaintiff failed to secure an expert to testify regarding the standard of care for a consumer reporting agency.  Def.'s Mot. at 11.  In a negligence action, the plaintiff must (1) establish the applicable standard of care, (2) demonstrate that the defendants deviated from that standard, and (3) prove a causal relationship between this deviation and the plaintiff's injury.  *Toy v. District of Columbia*, 549 A.2d 1, 6 (D.C. 1988).  The defendant correctly argues that without an expert, the plaintiff cannot prove at least two of these essential elements: the relevant standards of care, and

the defendant's deviation from these standards.[2] And, to identify the relevant standards of care and establish negligence in this case, the plaintiff must explain for the jury the relevant procedures for the production of an investigative report, identify Carco's procedures as a consumer reporting agency, and demonstrate that these procedures were not reasonable. Pl.'s Opp'n at 14 (recognizing that the plaintiff's case requires proof that the defendant breached a "duty to adopt reasonable procedures to ensure that [] information it disseminates . . . is accurate and is disseminated in a manner that is fair and equitable to a consumer").

This inquiry requires an informational tapestry which is not "within the realm of common knowledge and everyday experience." *Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 220 (D.C. 1991) (ruling that expert testimony was necessary in a case involving retail merchants' processing of credit card applications). It requires the jury to have an understanding of the FCRA, an understanding of the defendant's business operations within the FCRA construct, and have adequate information to assess whether Carco's procedures were reasonable. *See Koropoulos v. Credit Bureau Inc.*, 734 F.2d 37, 42 (D.C. Cir. 1984) (scrutinizing the plaintiff's claims under the FCRA's "reasonable procedures" clause with expert testimony supplied by the plaintiff). Accordingly, the plaintiff's lack of expert testimony is fatal to his negligence claim. The court, therefore, grants the defendant's motion for summary judgment and dismisses this case.

---

[2] Pursuant to a January 31, 2006 order, the plaintiff's expert designations were due by February 17, 2006. Minute Order (January 31, 2006). The time for filing an expert disclosure has passed. FED. R. CIV. P. 26(a)(2)(C).

## IV.   CONCLUSION

For the foregoing reasons the court grants Carco's motion for summary judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously issued on this 1st day of March, 2007.

                                                RICARDO M. URBINA
                                           United States District Judge